UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOMERO N. AYALA-CENDEJAS,

        Plaintiff,

        v.                                                            Case No. 13-CV-0190

NURSE JANE DOE 1,
NURSE TRAVIS P. BRADY,
L. BLASIUS, and
DR. LUY,

        Defendants.

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. 3), SCREENING PLAINTIFF'S COMPLAINT, AND DIRECTING PLAINTIFF TO UPDATE THE COURT REGARDING HIS ATTEMPTS TO IDENTIFY NURSE JANE DOE 1 BY NOVEMBER 18, 2013

Plaintiff, Homero N. Ayala-Cendejas, a state prisoner, has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated with regard to the medical care he received for an ankle injury. The matter comes before the court on plaintiff's motion for leave to proceed *in forma pauperis* and for screening of plaintiff's complaint. The plaintiff has been assessed and paid an initial partial filing fee of $12.16. *See* 28 U.S.C. § 1915(a)(2).

Complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity must be screened. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the

2

deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The complaint alleges that on August 10, 2012, plaintiff woke with a swollen, painful ankle. He went to his job, but was sent back to his cell. Subsequently, plaintiff then was taken to the Health Services Unit (HSU) in a wheelchair for his normal medications. There, defendant Nurse Jane Doe 1 observed that the ankle "looked" twisted. She issued plaintiff crutches and aspirin and advised plaintiff that "he should ask to be seen by medical" if the pain continued for five days.

On August 17, 2012, defendant Nurse Travis Brady looked at plaintiff's ankle and said it would be fine, despite swelling. He indicated that plaintiff was scheduled to see the nurse practitioner the next time there was an open appointment.

Plaintiff saw the nurse practitioner, defendant L. Blasius, on September 5, 2012, and an x-ray was ordered. Plaintiff had his x-ray on September 12, 2012, more than thirty days after his injury. He was called back to HSU to see defendant Dr. Luy. Dr. Luy was angry at plaintiff and asked over and over why plaintiff was walking around on a broken ankle. Dr. Luy also tried to stop plaintiff from going outside the institution for medical care, but the appointment was already scheduled. Dr. Luy gave plaintiff no pain medication.

Plaintiff had an appointment with a specialist who gave medical orders for HSU staff and told plaintiff to return in thirty days. After thirty days, plaintiff asked Nurse Travis Brady

3

why plaintiff had not gone to the follow-up appointment. Plaintiff was told that HSU forgot to make the appointment. Ten days later, plaintiff saw the specialist, who asked if plaintiff was following his orders not to walk. Plaintiff responded that the nurse practitioner had ordered him to walk. Tests revealed that the bone had shifted.

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In *Greeno*, the Court of Appeals for the Seventh Circuit spelled out the two-part test that applies to these claims:

> A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention. *See Foelker v. Outagamie County*, 394 F.3d 510, 512-13 (7th Cir. 2005). To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "'sufficiently culpable state of mind.'" *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). The officials must know and disregard an excessive risk to inmate health; indeed they must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970. This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. *Walker*, 293 F.3d at 1037. Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk. *Id.* Additionally, "a factfinder may conclude that a prison official knew of a

4

> substantial risk from the very fact that the risk was obvious."
> *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970.

*Greeno*, 414 F.3d at 653.

For the purposes of screening, the court considers plaintiff's broken ankle a serious medical need. Consequently, plaintiff will be allowed to proceed on Eighth Amendment medical care claims against each of the defendants regarding the treatment they provided him for his broken ankle.

Upon receipt of this order, plaintiff should promptly use discovery to identify Nurse Jane Doe 1. Then, when he has learned her identity, plaintiff may move to amend the complaint to include the name of the individual who was personally involved in the alleged deprivation of his constitutional rights so that she can be served. Even if plaintiff is unsuccessful in his attempts to identify Nurse Jane Doe 1, it is the court's duty to assist him in doing so. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation."). If, after a good faith attempt to discover the name of the intended defendant, plaintiff remains unable to identify them, he shall advise the court regarding his attempts and seek help to disclose the identities. Therefore,

IT IS ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is GRANTED.

IT IS FURTHER ORDERED that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice

for service on the following state defendants: Nurse Travis P. Brady, L. Blasius, and Dr. Luy.

IT IS ALSO ORDERED that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

IT IS FURTHER ORDERED that plaintiff shall update the court regarding his attempts to identify Nurse Jane Doe 1 on or before **Monday, November 18, 2013**.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $337.84 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that a copy of this order be sent to the warden of the institution where the inmate is confined.

IT IS FURTHER ORDERED that plaintiff shall submit all correspondence and legal material to:

>Honorable C. N. Clevert, Jr.
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. District Judge